ASHBRENNER v ASHBRENNER

Docket No. 90078. Submitted October 1, 1986, at Marquette. Decided November 18, 1986.

Marjorie Ashbrenner was granted a divorce in Menominee Circuit Court from William Ashbrenner by a December 29, 1983, judgment of divorce which included a property settlement provision requiring that within ten days defendant either liquidate certain assets or make an accounting of the value of those assets and then pay to plaintiff a percentage of such liquidation receipts or accounted value. Defendant failed to comply with the divorce judgment in a timely fashion, requiring plaintiff to institute three separate proceedings in the attempt to secure defendant's compliance with the divorce judgment. In June, 1985, the trial court, John D. Payant, J., ordered defendant to pay the monies still owing under the divorce judgment but denied plaintiff's request for interest and attorney fees. Plaintiff moved for reconsideration, which was denied. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court erred in holding that it did not have authority to award interest. While it had no authority to award interest under the prejudgment interest act, since that act applies to civil actions for money damages, the trial court had discretion to award interest as part of its equitable powers. Since the trial court failed to recognize that it had that discretion, the Court of Appeals, as part of its de novo review, found that equity demanded that interest be awarded to plaintiff on the amounts that defendant wrongfully refused to pay in a timely fashion.

2. Since it was defendant's acts which created the necessity for the supplemental proceedings, plaintiff is entitled to those attorney fees incurred in maintaining those supplemental pro-

REFERENCES

Am Jur 2d, Divorce and Separation § 598.
Am Jur 2d, Interest and Usury § 60.
Divorce: equitable distribution doctrine. 41 ALR4th 481.
See also the annotations in the Index to Annotations under Attorneys Fees.

ceedings. On remand the trial court shall determine an appropriate attorney fee for these services.

Reversed and remanded.

1. Divorce — Property Division — Judgments — Interest.

A judgment entered in a divorce action to effectuate a property division is not a money judgment recovered in a civil action for which prejudgment interest is mandatory; a court may, however, in the exercise of its equity powers award interest on amounts to be paid pursuant to such a judgment when such amounts are overdue (MCL 600.6013; MSA 27A.6013).

2. Divorce — Attorney Fees.

Attorney fees are properly awarded to a party to a divorce who is needlessly required to undertake proceedings to secure compliance with the judgment of divorce.

*Gerald Mason,* for plaintiff.

*Stupak, Bergman & Stupak, P.C.* (by *Bart T. Stupak*), for defendant.

Before: Allen, P.J., and Cynar and R. C. Livo,* JJ.

Allen, P.J. In an order dated June 3, 1985, the Menominee Circuit Court denied plaintiff, Marjorie Ashbrenner, both her requested award of interest on the money which defendant was ordered to pay as part of the parties' property settlement but which was not timely paid and her requested award of attorney fees for services rendered in an effort to ensure payment of the aforementioned money. The trial court upheld the denial of interest and fees when it denied plaintiff's motion for reconsideration on December 30, 1985. Plaintiff appeals as of right from the denial of her motion for rehearing.

The parties' marriage of eighteen years duration was terminated by a judgment of divorce dated

* Circuit judge, sitting on the Court of Appeals by assignment.

December 29, 1983. A provision of their property settlement, entitled "Non-equal Marital Assets," provided that defendant was to liquidate certain securities within ten days of the entry of judgment and pay plaintiff twenty percent of the proceeds. Alternatively, the judgment permitted defendant to make an accounting of the current value of the securities within ten days of the entry of judgment and pay plaintiff twenty percent of that value. Defendant did not comply with the judgment in a timely manner.[1]

Plaintiff filed numerous petitions for orders to show cause in regard to matters pertaining to the divorce judgment. At least three of these petitions dealt directly with defendant's failure to divide the marital assets in accord with the property settlement provisions. Defendant's failure in this particular regard, coupled with his failure to pay child support, resulted in his being cited for contempt on February 2, 1984. Defendant did not purge himself of the contempt by liquidating the assets.

On May 2, 1984, the court issued a clarifying order which designated the dates upon which the marital assets were to be valued for purposes of division between the parties. Thereafter, plaintiff moved for an order to show cause on May 31, 1984. This resulted in an order dated July 20, 1984, directing defendant to obtain a verified accounting of the securities by August 30, 1984. On May 20, 1985, plaintiff again moved for an order to show cause, resulting in a June 6, 1985, order directing defendant to pay the remaining sum of

[1] In a section of the property settlement labeled "Joint Marital Assets," defendant was ordered to liquidate bonds, savings and checking accounts, and additional securities, and to pay plaintiff one-half of the proceeds generated from the sale of these assets. Although unclear from the record and briefs on appeal, it appears that plaintiff is also seeking interest on money which was untimely paid pursuant to this provision.

$3,604.97. It was in this order that the requests for interest and attorney fees were originally denied by the trial court.

At the hearing on plaintiff's motion for reconsideration, the trial court indicated that it believed it had no authority to award interest on the overdue payments. The court stated:

> In regard to your request on interest, you're—you're—you talk equity but you're really talking about applying a legal remedy and that remedy is the 12 percent interest on money judgments which, of course, we don't have money judgments in courts of equity.

Plaintiff argues that the trial court erred in finding that it was without authority to award interest pursuant to MCL 600.6013; MSA 27A.6013, which provides for prejudgment interest on money judgments in civil actions up to the date of satisfaction. We disagree. The statute applies only to money judgments in civil actions, which do not include property distributions in divorce judgments. *Saber v Saber,* 146 Mich App 108, 111; 379 NW2d 478 (1985); *Lawrence v Lawrence,* 150 Mich App 29, 32; 388 NW2d 291 (1986). Accordingly, the trial court correctly determined that there was no basis for an award of statutory interest pursuant to the prejudgment interest statute.

Nonetheless, we find that the trial court erred in denying plaintiff interest on the overdue payments. In *Lawrence,* this Court found that the absence of a money judgment did not bar an award of interest altogether. Rather, the trial court, in its discretion and pursuant to its equitable powers, may award interest on "amounts to be paid pursuant to a property division when such amounts are overdue." 150 Mich App 34.

In the present case, the trial court did not recognize that it had discretion to award interest in equity. Consequently, it did not exercise its discretion. However, if such an award had been made or denied, the action would be subject to de novo review in this Court. *Rust v Rust,* 143 Mich App 704, 705-706; 373 NW2d 197 (1985); *Calvary Presbyterian Church v Presbytery of Lake Huron of the United Presbyterian Church,* 148 Mich App 105, 109-110; 384 NW2d 92 (1986), lv den 425 Mich App 863 (1986). We note that during the approximately eighteen months that the money was due and owing to plaintiff, defendant derived interest income from the money. If defendant were not required to pay interest, he would receive a windfall and prompt compliance with court orders would be discouraged. Given these factors, we would hold under the appropriate standard of review that plaintiff is entitled to interest on the money from the date of judgment to the date of satisfaction. Accordingly, we remand for a determination of the amount of this award.

Plaintiff also argues that she should have been awarded attorney fees relative to motions and hearings necessitated by defendant's failure to comply with the judgment of divorce. We agree. The trial court denied plaintiff's request because it found that the parties shared the blame for the post-judgment proceedings. However, there is no indication in the record that plaintiff should be faulted for the proceedings at issue. In contrast, there is ample evidence that defendant should be accorded responsibility for these proceedings, as indicated, for example, by the citation for contempt. Based on our de novo review of the record, we believe that plaintiff is entitled to an award of attorney fees given that defendant's needless actions caused her to incur additional expense. See

*Curylo v Curylo,* 104 Mich App 340, 352; 304 NW2d 575 (1981). Thus, on remand, the trial court shall also determine an appropriate attorney's fee.

Reversed and remanded for proceedings consistent with this opinion.