THOMAS v THOMAS (ON REMAND)

Docket No. 113576. Submitted December 7, 1988, at Lansing. Decided March 20, 1989.

Plaintiff, Claude R. Thomas, and defendant, Park A. Thomas, were divorced by order of the Ingham Circuit Court, Paul R. Mahinske, J. The court held that plaintiff's law school education was not a marital asset. Defendant appealed and the Court of Appeals reversed, holding that the law degree was a marital asset, and remanded for a determination of the value of that asset and the amount of such asset that should be distributed to defendant. 131 Mich App 830 (1984). The Supreme Court affirmed the decision of the Court of Appeals with respect to the marital asset issue but reversed the decision of the Court of Appeals on an alimony question which had also been raised. 419 Mich 942 (1984). On remand, the trial court, Timothy J. Green, J., valued the law degree, using a restitution of funds method, at $27,120 and awarded defendant one-half of that amount. Defendant appealed and the Court of Appeals, using a future earnings method, determined that the future earnings value of the law degree was $337,664 and awarded defendant one-eighth of that amount, or $42,208, and ordered plaintiff to pay defendant that amount over a five-year period in equal monthly payments. Defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave, vacated the decision of the Court of Appeals and remanded the case to the Court of Appeals for further consideration and a determination of whether the award to defendant was $42,208 in 1981 dollars or in 1987 dollars. If the answer was the former, the failure to award interest produced an unfair and inequitable result. 431 Mich 902 (1988).

On remand, the Court of Appeals *held:*

Defendant was entitled to a one-eighth value of plaintiff's law degree as of the date of trial, December 22, 1981. Accordingly, an interest factor must be added to the award. Interest on money awarded in divorce actions is granted solely pursuant to the equitable powers of the court. In this case, the statutory

REFERENCES
Am Jur 2d, Divorce and Separation § 763.

five percent rate of interest between individuals set forth in MCL 438.31; MSA 19.15(1) is adequate. By adding a simple interest rate factor of five percent to the $42,208 commencing December 22, 1981, the award would equal $57,332.53 as of February 22, 1989. The award is modified to $57,332.53 as of February 22, 1989, and this sum shall be amortized over a six-year period, payable monthly, with interest at five percent per annum. Plaintiff shall have credit for any sums paid pursuant to the circuit court amended order dated December 9, 1985, or by virtue of the Court of Appeals decision of December 7, 1987. The circuit court is directed to further amend its order to reflect that which is awarded by this opinion.

1. DIVORCE — MONEY AWARDS — INTEREST.

The statute setting forth the rates of interest to be applied to money judgments in civil actions does not apply to money awards in divorce actions; interest on money awards in divorce actions is granted solely pursuant to the equitable powers of the court (MCL 600.6013; MSA 27A.6013).

2. INTEREST — LAWFUL RATE.

The lawful rate of interest between individuals is five percent unless otherwise agreed to in writing (MCL 438.31; MSA 19.15[1]).

*Reid, Reid, Perry, Lasky, Hollander & Chalmers, P.C.* (by *Joseph D. Reid* and *Nan Elizabeth Casey*), for plaintiff.

*Bernick & Omer, P.C.* (by *Diane L. Bernick*), for defendant.

### ON REMAND

Before: MAHER, P.J., and GILLIS and HOLBROOK, JR., JJ.

HOLBROOK, JR., J. This case has been remanded to us for further consideration and to explicate our decision in *Thomas v Thomas (Aft Rem),* 164 Mich App 618; 417 NW2d 563 (1987).

Trial in the instant case occurred on December

22, 1981. At that time evidence was adduced establishing the value of plaintiff's law degree as of that date at $337,664. In *Thomas, supra,* we accepted that figure as accurate and awarded defendant one-eighth thereof, or $42,208, and ordered plaintiff to pay to defendant such amount over a five-year period in equal monthly payments.

The Supreme Court now asks whether we intended to award defendant $42,208 in 1981 dollars or in 1987 dollars. If our answer is the former, then our failure to award interest produced an unfair and inequitable result.

Specifically what we intended was that defendant was entitled to a one-eighth value of plaintiff's law degree as of the date of trial. We thought we made that clear in *Thomas, supra,* p 625. Apparently we did not. Accordingly we add to our award an interest factor.

Arriving at an appropriate interest factor is not easy. In doing so we take special note that the "Interest on Money Judgment" statute, MCL 600.6013; MSA 27A.6013, does not apply to money awards in divorce actions, *Lawrence v Lawrence,* 150 Mich App 29; 388 NW2d 291 (1986), *Saber v Saber,* 146 Mich App 108; 379 NW2d 478 (1985), and *Ashbrenner v Ashbrenner,* 156 Mich App 373; 401 NW2d 373 (1986), and that interest on such awards is granted solely pursuant to the equitable powers of the court. Accordingly, in arriving at an appropriate factor we feel that any such factor must be one that is fair, equitable, and just under the circumstances of the case. One that operates neither as a windfall to the recipient nor as a punitive measure against the payor. Especially is this true in a case such as is currently before us where we are asked to apply a factor more than seven years after the trial judge awarded defen-

dant nothing; an error which we point out is not the fault of either party.

What we wish to do is fairly compensate defendant in today's dollars based on the award she should have received in December of 1981. We note that MCL 438.31; MSA 19.15(1) fixes the lawful rate of interest between individuals at five pecent unless otherwise agreed to in writing. While in certain situations, none of which are present here, interest may be at a higher rate, five percent is the rate fixed by statute. Hence, we believe that an interest award factor should not be less than five percent. Were we to add a simple interest rate factor of five percent to the $42,208 commencing December 22, 1981, said award would equal $57,332.53 as of February 22, 1989.

While we recognize that a five percent simple interest factor may not always be adequate to place the recipient in a comparable position in present dollars versus past dollars, in this case it is. In this respect we take judicial notice of the fact that between December, 1981, and December, 1988, the consumer price index rose 28.2 percent. This means that it cost $1.282 in December, 1988, dollars to purchase that which could have been purchased with $1.00 in December, 1981. Moreover, judicial notice can be taken at any stage of proceedings. See MRE 201(e) and *People v Burt,* 89 Mich App 293; 279 NW2d 299 (1979). Hence, a five percent simple interest factor which equates to $1.3583333 as of February 22, 1989, is, in our opinion, fair, equitable, and just. Had the consumer price index risen more than the five percent simple interest factor as applied, our award would be higher.

Hence, we modify our award upward to $57,332.53 as of February 22, 1989. Said sum shall be amortized over a six-year period, payable

monthly, with interest at five percent per annum. Plaintiff shall have credit, however, for any sums paid pursuant to the circuit court amended order dated December 9, 1985, or by virtue of our decision of December 7, 1987. According to our calculations, if plaintiff has paid nothing toward either of the above, then payments would be $923.33 per month commencing March 22, 1989.

The circuit court is directed to further amend its order to reflect that which is awarded by this opinion.