LANGFORD v LANGFORD

CURRY v CURRY

Docket Nos. 129384, 129889. Submitted April 23, 1992, at Lansing.
Decided October 19, 1992, at 9:05 A.M.

Marsha Langford petitioned the Saginaw Circuit Court for an
order requiring the friend of the court to calculate interest on
the child support arrearage of Danny Langford. The court,
Robert L. Kaczmarek, J., denied the motion. Marsha Langford
appealed. (Docket No. 129384.)

Robert Curry was granted a divorce from Jewery L. Curry in the
Saginaw Circuit Court, Robert L. Kaczmarek, J. The court then
denied Jewery Curry's motion to set aside the entry of the
judgment of divorce, which did not include interest on Robert
Curry's child support arrearage. Jewery Curry appealed.
(Docket No. 129889.) The appeals were consolidated.

The Court of Appeals *held:*

Section 3 of the Support and Visitation Act, MCL 552.603;
MSA 25.164(3), effective July 6, 1987, mandates that, pursuant
to MCL 600.6013; MSA 27A.6013, statutory interest be added to
support arrearage orders entered after that date. The arrearage
on a support order is a judgment amount from the time it falls
due, and interest is to run on it as with any other civil
judgment. Support orders entered after July 6, 1987, under
which money is past due are not equitable matters subject to
the trial court's discretion.

Reversed and remanded.

PARENT AND CHILD — CHILD SUPPORT — ARREARAGES — INTEREST.

Statutory interest must be added to child support arrearage
orders entered after July 6, 1987 (MCL 552.603, 600.6013; MSA
25.164[3], 27A.6013).

*Thomas W. DePrekel,* for Marsha Langford and
Jewery L. Curry.

REFERENCES

Am Jur 2d, Divorce and Separation § 1056.
See the Index to Annotations under Custody and Support of Children.

Amicus Curiae:

Saginaw County Friend of the Court (by *Nadine R. Gaulden*).

Before: McDonald, P.J., and Wahls and Taylor, JJ.

Taylor, J. In these consolidated appeals, appellant child support recipients appeal as of right the circuit court orders holding that they are not entitled to statutory interest on child support arrearage. In Docket No. 129384, the trial court denied Marsha Langford's motion to require the friend of the court to calculate interest on the child support arrearage. In Docket No. 129889, the trial court declined to set aside entry of the judgment of divorce, which did not include interest on the child support arrearage, over Jewery Curry's challenge on the same ground. We reverse.

The trial court denied both motions for the following reason:

Obligations owed because of child support and alimony are equitable in nature. Contempt powers can be used to enforce the obligation. Because these obligations are subject to modification by the court they are not reduced to a debt by law.

The Court, in the exercise of its discretion, is denying defendant's motion.[1]

The sole issue on appeal is whether MCL 552.603; MSA 25.164(3), being § 3 of the Support and Visitation Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*, mandates that statutory interest be added to support arrearage orders

[1] This quotation is taken from the trial court's opinion in the Curry case (Docket No. 129889); that opinion is incorporated by reference in the trial court's order denying Marsha Langford's motion in the Langford case (Docket No. 129384).

pursuant to MCL 600.6013; MSA 27A.6013. This issue is one of first impression.

The pertinent provisions of § 3 state:

> (1) A support order issued by a court of this state shall be enforced pursuant to the requirements of this section.
>
> (2) Except as otherwise provided in this section, a support order that is part of a judgment or is an order in a domestic relations matter . . . is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification. [MCL 552.603; MSA 25.164(3)].

With regard to what the "attributes of a judgment" are, for purposes of determining whether a support order is a judgment entitled to interest, we can look to the judgment interest statute, which states:

> Interest shall be allowed on a money judgment recovered in a civil action. [MCL 600.6013(1); MSA 27A.6013(1).]

Giving the words of the statutes their plain meaning, as we are required to do under MCL 8.3a; MSA 2.212(1); *Berry v Belleville,* 178 Mich App 541, 548; 444 NW2d 222 (1989), it is clear that the adoption of § 3 means that the arrearage on a support order is a judgment amount from the time that amount falls due, and that interest is to run on this amount as it would with any other civil judgment. Further, this has been the law since the effective date of this act, July 6, 1987, and was, by the terms of the statute itself, to be effective from that date. As is apparent, given this holding, we can no longer view support orders under which money is past due as an equitable matter upon

which the trial court's discretion may be brought to bear.[2]

The trial court's orders are reversed, and these matters are remanded to the trial court for further proceedings in accordance with this opinion.

---

[2] Historically, money judgments obtained in divorce actions were not subject to mandatory statutory interest under MCL 600.6013; MSA 27A.6013. *Thomas v Thomas (On Remand)*, 176 Mich App 90, 92; 439 NW2d 270 (1989). However, the award of interest has not been altogether barred, because in such "equitable matters" the question of interest has been deemed a discretionary matter for the trial court. *Dep't of Treasury v Central Wayne Co Sanitation Authority*, 186 Mich App 58, 61; 463 NW2d 120 (1990); *Reigle v Reigle*, 189 Mich App 386, 392-393; 474 NW2d 297 (1991). Administrative Order No. 1990-6 requires that we follow the rule of law established by a prior published decision of this Court issued on or after November 1, 1990. 436 Mich lxxxiv; Mich Ct R, p A 1-45. Neither of these two cited opinions is binding for the following reasons: (1) *Dep't of Treasury* was initially released as an unpublished opinion per curiam on June 26, 1990, and the order of publication was subsequently entered on October 10, 1990; (2) In neither case was the effect of § 3 of the Support and Visitation Enforcement Act on the applicability of the judgment interest statute raised or considered (*Reigle* concerned a property settlement dispute). See *Kuikstra v Cheers Good Time Saloons, Inc*, 187 Mich App 699, 704-705; 468 NW2d 533 (1991).