OLSON v OLSON

Docket No. 263069. Submitted December 13, 2006, at Detroit. Decided
December 21, 2006, at 9:05 a.m.

Linda Olson brought a divorce action against John M. Olson, III, in the
Wayne Circuit Court. The trial court, Richard B. Halloran, Jr., J.,
entered a judgment awarding the plaintiff half the marital estate,
spousal support, and $573,729 in expert fees, basic attorney fees, and
"value-added" attorney fees. The defendant appealed. The Court of
Appeals affirmed the fee award, vacated other aspects of the judg-
ment, and remanded for further proceedings. 256 Mich App 619
(2003). On remand, the plaintiff filed a motion seeking interest on the
fee award pursuant to the judgment interest statute, MCL 600.6013,
which the trial court, Maria Oxholm, J., denied. The Court of Appeals
denied the plaintiff's application for leave to appeal this ruling, but
the Michigan Supreme Court, in lieu of granting leave to appeal,
remanded the case to the Court of Appeals for consideration as on
leave granted. 472 Mich 922 (2005).

The Court of Appeals *held*:

1. The plaintiff was not entitled to statutory interest under
MCL 600.6013 because that provision does not apply to money
awards in divorce actions. The fact that the trial court subse-
quently ordered payment under a supersedeas bond does not
change the underlying character of the order for payment, which
did not result from an adjudication of an action for money
damages.

2. The trial court did not abuse its discretion in denying the
plaintiff equitable interest because she offered no evidence either
that her attorney charged her interest or that the defendant would
realize a windfall in the absence of an interest award to the
plaintiff.

Affirmed.

1. DIVORCE — JUDGMENTS — FEES AND COSTS — INTEREST — STATUTES.

The statute that provides for interest on money judgments in civil
actions does not apply to money awards in divorce actions (MCL
600.6013).

2. Divorce — Judgments — Interest — Equity.

>  An equitable award of interest in a divorce action is properly granted
>  to prevent the delinquent party from realizing a windfall and to
>  ensure prompt compliance with court orders, not to compensate a
>  party for lost use of funds.

*Allan Falk, P.C.* (by *Allan Falk*), and *The Baskin Law
Firm, P.C.* (by *Henry Baskin*), for the plaintiff.

*Norman L. Zemke, P.C.* (by *Norman L. Zemke*), and
*George La Plata, John J. Morad*, and *Henry J. Andries*,
for the defendant.

Before: BORRELLO, P.J., and NEFF and COOPER, JJ.

PER CURIAM. This case is before us on remand from
the Michigan Supreme Court for consideration as on
leave granted. *Olson v Olson*, 472 Mich 922 (2005).
Plaintiff appeals the trial court's order denying her
request for interest on $573,729 in attorney fees and
costs awarded to her pursuant to the grant of a judg-
ment of divorce from defendant. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This is the second time this case is before this Court.
In a earlier appeal, *Olson v Olson*, 256 Mich App 619,
634, 637; 671 NW2d 64 (2003), the Court affirmed the
trial court's award of $573,729 in attorney fees and
costs, "representing expert fees in the amount of
$154,463.16, basic attorney fees in the amount of
$363,950, and 'value-added' attorney fees in the
amount of $112,824, for a total of nearly $800,000,"[1]

---

[1] According to this Court's earlier opinion, defendant had already paid
$200,000 to plaintiff's attorney pursuant to an order of the court. *Olson,
supra* at 634 n 9. The record in this appeal indicates that the trial court
awarded total fees and costs of $798,729, of which $225,000 had already
been paid, leaving a balance of $573,729.

and remanded the case for further proceedings. On remand, plaintiff filed a motion seeking interest on the award of fees and costs pursuant to MCL 600.6013, the judgment interest statute. The trial court denied plaintiff's motion for interest, and this Court denied plaintiff's application for leave to appeal. The Supreme Court, in lieu of granting plaintiff's application for leave to appeal, MCR 7.302(G)(1), remanded this case to this Court for consideration as on leave granted. *Olson, supra,* 472 Mich 922.

## II. STANDARD OF REVIEW

This Court reviews an award of interest in equity for an abuse of discretion. *Reigle v Reigle,* 189 Mich App 386, 393-394; 474 NW2d 297 (1991). However, an award of interest pursuant to MCL 600.6013 is reviewed de novo. *Farmers Ins Exch v Titan Ins Co,* 251 Mich App 454, 460; 651 NW2d 428 (2002). Whether § 6013 applies in particular circumstances is a question of statutory interpretation; questions of statutory interpretation are reviewed de novo. *Ayar v Foodland Distributors,* 472 Mich 713, 715-716; 698 NW2d 875 (2005); *In re Forfeiture of $176,598,* 465 Mich 382, 385; 633 NW2d 367 (2001).

## III. ANALYSIS

Plaintiff argues that the trial court erred in denying her statutory interest pursuant to MCL 600.6013 or, in the alternative, equitable interest, on the award of attorney fees and costs. We disagree.

### A. STATUTORY INTEREST

Plaintiff contends that she is entitled to interest on the award of $573,729 as a matter of law under MCL

600.6013(1). Plaintiff argues that because she secured a judgment involving a supersedeas bond, the applicable interest rate for a written contractual instrument under MCL 600.6013(6) applies, and plaintiff is entitled to 12 percent compounded interest or interest of $355,525.57. We disagree.

MCL 600.6013(1) applies to money judgments recovered in a civil action. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 508; 475 NW2d 704 (1991). The purpose of MCL 600.6013(1) is "to compensate the prevailing party for expenses incurred in bringing actions for money damages and for any delay in receiving such damages." *Phinney v Perlmutter*, 222 Mich App 513; 541; 564 NW2d 532 (1997); see also *In re Forfeiture, supra* at 386 n 9. MCL 600.6013(1) provides:

> Interest is allowed on a money judgment recovered in a civil action, as provided in this section. However, for complaints filed on or after October 1, 1986, interest is not allowed on future damages from the date of filing the complaint to the date of entry of the judgment. As used in this subsection, "future damages" means that term as defined in section 6301.

Plaintiff asserts that an award of interest is mandatory in all cases to which the statute applies, pursuant to *Dep't of Treasury v Central Wayne Co Sanitation Auth*, 186 Mich App 58, 61; 463 NW2d 120 (1990), and that the statute applies in this case. However, this Court held in *Reigle, supra* at 392-393, that MCL 600.6013 does not apply to money awards in divorce actions.

In *Reigle*, this Court was "asked to determine whether postjudgment interest is due on sums awarded to [a party] in a judgment of divorce . . . ."[2] *Reigle,*

---

[2] In *Reigle*, the payment of the sums due was delayed during the defendant's appeal as of right to this Court. *Reigle, supra* at 388. The plaintiff sought postjudgment interest of $48,167.86 to compensate her

*supra* at 388. The Court concluded that "Michigan caselaw clearly establishes that the statute governing interest on money judgments, MCL 600.6013; MSA 27A.6013, does not apply to judgments of divorce." *Reigle, supra* at 392. The Court referred to *Thomas v Thomas (On Remand)*, 176 Mich App 90, 92; 439 NW2d 270 (1989), in which this Court observed:

> "Arriving at an appropriate interest factor is not easy. In doing so we take special note that the 'Interest on Money Judgment' statute, MCL 600.6013; MSA 27A.6013, does not apply to money awards in divorce actions, *Lawrence v Lawrence*, 150 Mich App 29; 388 NW2d 291 (1986), *Saber v Saber*, 146 Mich App 108; 379 NW2d 478 (1985), and *Ashbrenner v Ashbrenner*, 156 Mich App 373; 401 NW2d 373 (1986), and that interest on such awards is granted solely pursuant to the equitable powers of the court." [*Reigle, supra* at 392-393.]

The precedent recognized by *Reigle* is binding on this Court, MCR 7.215(J)(1). Plaintiff does not argue that this Court should seek to distinguish or declare a conflict with *Reigle*, MCR 7.215(J)(2), and we find no basis for doing so.[3] In this case, the award of attorney fees and costs was ancillary to the judgment of divorce, pursuant to MCL 552.13(1),[4] as plaintiff

---

for the lost use of two $40,000 installment payments and a transfer of $226,341 in stock awarded in the divorce judgment. *Id.* at 390-391.

[3] Indeed, plaintiff does not mention *Reigle* in her appellate submissions.

[4] MCL 552.13(1) provides for the award of attorney fees and costs in domestic actions where necessary to preserve the party's ability to carry on or defend the action. *Stoudemire v Stoudemire*, 248 Mich App 325, 344; 639 NW2d 274 (2001). MCL 552.13(1) provides:

> In every action brought, either for a divorce or for a separation, the court may require either party to pay alimony for the suitable maintenance of the adverse party, to pay such sums as shall be deemed proper and necessary to conserve any real or personal property owned by the parties or either of them, and *to pay any*

notes.[5] In so recognizing and applying the precedent adopted in *Reigle* and similar cases, the trial court in this case aptly observed:

> Further, in *Chisnell v Chisnell*, 149 Mich App 224, 234; 38[5] NW2d 758, 762 (1986), the Michigan Court of Appeals determined that an attorney fee award in a divorce case "is treated the same as a property division and recovery may be had, as in a property division, from any of the spouse's assets over which the court has jurisdiction."[1] Since attorney fee awards in divorce cases are treated in the same manner as are property divisions, MCL 600.6013 does not apply to attorney fee awards in divorce cases.

---

> [1] . . . If Plaintiff had been awarded liquid assets in the property division that were sufficient to cover her attorney fees, she would have had the funds needed to compensate her counsel and the attorney fee award would have been unnecessary. Thus, the property division and the attorney fee award function in tandem.

---

The Supreme Court has more recently confirmed that application of MCL 600.6013(1) is not always mandated in civil actions. *In re Forfeiture, supra.* Citing *Reigle, supra,* as well as other cases, the Court noted

---

*sums necessary to enable the adverse party to carry on or defend the action, during its pendency.* It may award costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver. [Emphasis added.]

[5] Contrary to plaintiff's argument, we do not find the reasoning of *Langford v Langford*, 196 Mich App 297; 492 NW2d 524 (1992), controlling because in that case, the Court considered statutory interest on a child support judgment under MCL 552.603, which, the Court observed, expressly stated that a support order " 'is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state . . . .' " *Id.* at 299, quoting MCL 552.603(2).

that interest may be denied in proceedings that are not typical civil actions preceding an award of a money judgment. *In re Forfeiture, supra* at 388. A party, despite prevailing in the underlying action, has not obtained "a money judgment recovered in a civil action" if that party has not filed a complaint in the proceeding. *In re Forfeiture, supra* at 386-388.

In *In re Forfeiture, supra,* the police seized $176,598 from the claimant's home and another residence on suspicion that the money was related to drug trafficking. *Id.* at 383-384. The claimant ultimately prevailed in a forfeiture action brought by the prosecutor. *Id.* at 384. The claimant then brought a motion in circuit court for the return of the money and statutory judgment interest. *Id.* The circuit court ordered the money returned, but denied interest. *Id.* at 385. This Court reversed. *Id.*

In affirming the circuit court's denial of interest under MCL 600.6013, a unanimous Supreme Court concluded that the order directing the return of the seized funds to the claimant was not a money judgment in a civil action under § 6013. *In re Forfeiture, supra* at 389. The Supreme Court observed that "[t]he trial court's order was not an adjudication of an action for money damages, but rather one for the delivery of property that had been the subject of a forfeiture action." *Id.* at 388. Adopting the language of the circuit court, the Supreme Court noted further that this Court's decision created the danger of "imposing a penalty on the seizing agency," which was statutorily prohibited from depositing the money in an interest-bearing account. *Id.* at 389.

Here, as in *In re Forfeiture*, the trial court's order for payment of the attorney fees was not an adjudication of an action for money damages. The fact that the court subsequently ordered payment under the supersedeas

bond does not change the underlying character of the order for payment or mandate a different result with respect to § 6013.[6] Accordingly, we conclude that plaintiff is not entitled to a mandatory award of interest under § 6013(1) on the award of attorney fees and costs in the divorce action.

### B. EQUITABLE INTEREST

Plaintiff argues in the alternative that the trial court erred in denying her equitable interest on the award of attorney fees and costs. Plaintiff contends the various appellate delays resulted in a loss of the use of the monies, necessitating additional compensation by an award of interest.

In denying equitable interest in this case, the trial court relied on precedent recognizing that the award of interest on a judgment entered in a domestic relations case may be appropriate pursuant to the trial court's discretion under its equitable powers. *Lawrence, supra* at 34; *Ashbrenner, supra* at 376. An equitable award of interest in a divorce action "is not intended to serve the

---

[6] This conclusion is supported by the trial court's apt observation that in a divorce case, the property division and the award of attorney fees "function in tandem," and the order for the payment by defendant in this case occurred because plaintiff was awarded insufficient liquid assets in the property division to pay the fees and costs. In *In re Forfeiture, supra,* the Court pointed out that "[f]or the purpose of the judgment interest statute, a money judgment is one that orders the payment of a sum of money, as distinguished from an order directing an act to be done or property to be restored or transferred," *id.* at 386, and that this distinction reflected the purpose of the statute, which is " 'to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages.' " *Id.* at 386 n 9 quoting *Phinney, supra* at 541. Here, the order for payment of fees and costs is essentially a transfer of assets from defendant to plaintiff, and the award of interest would not further the purpose of the judgment interest statute.

purpose of compensating a party for lost use of funds." *Reigle, supra* at 394. Rather, an award of interest for overdue payment in a property settlement "prevents the delinquent party from realizing a windfall and assures prompt compliance with court orders." *Id.*

In applying this precedent to the present case, the court stated:

> In the present case, Plaintiff has offered no evidence that her attorney charged her interest on his attorney fees or otherwise shown that Defendant would be realizing a windfall unless she were awarded interest. In addition, it is this Court's understanding that Defendant's prompt compliance with the attorney fee award is not at issue since it has already been paid. Accordingly, the Court finds that interest on the attorney fees awarded to Plaintiff is inappropriate and would be inequitable in this case. The purposes underlying an award of attorney fees in divorce cases would be offended by such an award of interest, particularly when the factual basis for the attorney fee award was that Plaintiff was unable to bear the expenses of the action while Defendant was able to pay.

The trial court's reasoning is sound. We cannot conclude that the court abused its discretion in denying plaintiff equitable interest on the award of attorney fees and costs.

Affirmed.