*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA E. CHEW, formerly known as
REBECCA E. LOPEZ,

UNPUBLISHED
April 25, 2024

Plaintiff-Appellee,

v

No. 366641
Clinton Circuit Court
LC No. 21-030034-DO

JOSEPH P. LOPEZ,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order granting defendant attorney fees and costs and denying him interest in this divorce action from plaintiff. Defendant argues that the trial court abused its discretion in its attorney fee award without following the proper framework, and that he should have been granted interest on delayed property settlement payments in equity. We vacate the trial court's award of attorney fees, and remand for an appropriate determination, and affirm the denial of postjudgment interest.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The parties were married in June 1990, and lived together until May 1, 2021. They had adult children at the time that plaintiff filed for divorce on June 18, 2021, alleging a breakdown in the marriage. The parties reached a full settlement regarding the division of marital property during mediation, and entered a consent judgment of divorce on May 31, 2022. Plaintiff was awarded all interest in her business, Better Health Therapy Center. The consent judgment required plaintiff to pay defendant a property settlement of $95,000 within 90 days of entry of the order. It also provided that the parties would be entitled to attorney fees if they had to seek enforcement of the consent judgment.

When plaintiff failed to make the lump-sum payment by September 1, 2022, defendant moved to enforce the consent judgment, appoint a receiver, and for attorney fees and interest. Plaintiff moved for relief from judgment, asserting she was unable to make the lump-sum payment

without obtaining financing, which she was denied from three banks because of a delinquent credit card in defendant's name. She sought court approval of a payment plan to pay defendant $1,500 each month until she obtained financing or paid in full. During discovery, defendant learned that plaintiff had a sufficient amount in her business account to pay the property settlement, and the court granted his ex parte motion to freeze the account. At a hearing held on December 13, 2022, the court ordered plaintiff to pay defendant $75,000 by December 16, 2022, after which the court would lift the freeze on her account, and to make the $1,500 monthly payment to defendant by January 3, 2023, February 1, 2023, and March 1, 2023. The parties were also directed to file supplemental briefs on the issues of damages, interest, and attorney fees.

Defendant argued that he was entitled to postjudgment interest in equity, $4,367 in damages because he lost a prepaid scuba trip and incurred late fees on paying off his vehicle from plaintiff's failure to pay the property settlement on time, and that he was entitled to $13,764 in attorney fees for all of the postjudgment work. Plaintiff responded that defendant was not entitled to interest and his request for attorney fees was not reasonable. The evidentiary hearing began on March 2, 2023, with Melissa Leckie testifying as a stipulated expert in family law. She testified that for an attorney with the same years of experience as defense counsel, the appropriate hourly rate was $250 per hour, and that she would have charged 10 hours of work on this postjudgment matter. Both parties testified, and the only exhibits admitted at trial were the denial letters from three banks when plaintiff sought financing. At the end of the hearing, plaintiff was ordered to pay defendant the remaining balance on the property settlement, $8,569.04, by March 10, 2023, which she paid in full.

The court found plaintiff's motion for relief moot because she paid the remaining balance of the property settlement, so a payment plan was no longer needed. Similarly, defendant's request to appoint a receiver was moot. The court denied defendant's request for damages, as well as his motion for interest because there was no evidence presented at the hearing about interest. The court found an award of attorney fees to defendant appropriate under the enforcement provision of the consent judgment and MCR 3.206(D)(2)(b) (where a party fails to comply with a court order despite the ability to do so). However, the only evidence at trial established that a $250 hourly rate for 10 hours of work was reasonable, so the court awarded defendant $2,500 in attorney fees plus a $20 filing fee. Defendant now appeals.

## II. ATTORNEY FEES

Defendant argues that the trial court abused its discretion in finding $2,500 in attorney fees was reasonable without following the applicable framework. We agree.

This Court reviews a trial court's award of attorney fees and costs for an abuse of discretion. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Id*.

Attorney fees are generally not recoverable as an element of costs or damages absent an express legal exception. *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). Exceptions are narrowly construed, and one exception exists where attorney fees are provided by contract of the parties. *Id*. "[A] contractual clause

-2-

providing that in the event of a dispute the prevailing party is entitled to recover attorney fees is valid." *Id*. Here, the provision of attorney fees was expressly provided in paragraph 58 of the parties' consent judgment of divorce:

> 58. **IT IS FURTHER ORDERED** in the event either party is called upon to seek enforcement of any of the terms of this Consent Judgment of Divorce or is required to retain counsel to secure the implementation of the terms of this Consent Judgment of Divorce or if either party defaults in the performance of any obligations set forth in this Consent Judgment of Divorce, the prevailing party shall be entitled to an award of all expenses, including reasonable and actual attorney fees and costs, incurred in connection with any enforcement proceedings.

"Consent judgments of divorce are contracts and treated as such." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017).

In *Smith v Khouri*, 481 Mich 519, 529-530; 751 NW2d 472 (2008), our Supreme Court recognized that trial courts historically weighed the factors in *Wood v Detroit Auto Inter-Ins Exchange*, 413 Mich 573; 321 NW2d 653 (1982), and MRPC 1.5(a) to determine a reasonable attorney fee, and provided the following framework:

> We hold that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expanded in the case (factor 1 under MRPC 1.5(a) and factor 2 under *Wood*). The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. We believe that having the trial court consider these two factors first will lead to greater consistency in awards. Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors. [*Smith*, 481 Mich at 530-531.]

In *Pirgu*, 499 Mich at 281, the Supreme Court reiterated that after the trial court finds the baseline figure, the court "*must* consider *all* of the remaining *Wood* and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate." (First emphasis added; second emphasis original). The *Pirgu* Court streamlined the list of nonexclusive factors as follows:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Id*. at 281-282.]

The trial court can consider any additional relevant factors, and "*should* briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*. (emphasis added). In *Pirgu*, the court held that the trial court erred by "failing to briefly discuss its view of [all of] the factors," and therefore, abused its discretion. *Id*. at 282-283. The Court vacated the fee award, and remanded to the trial court for reconsideration. *Id*. at 283.

Here, the trial court found an award of attorney fees was appropriate under the consent judgment provision and MCR 3.206(D)(2)(b), which provides that a party who requests attorney fees and expenses must allege sufficient facts that "the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply . . . ." The court found there was noncompliance by plaintiff to an extent as she failed to pay by the due date because of lack of financing, but then paid from the business account once the ex parte order to freeze was lifted. The court further stated that the only evidence regarding attorney fees was Leckie's testimony that an attorney with the years of experience defendant's attorney had should charge $250 per hour, and the typical number of hours for a postjudgment motion to enforce was 10 hours. Thus, the trial court ordered plaintiff to pay $2,500 in attorney fees to defendant plus a $20 filing fee.

Although the trial court followed the first part of *Smith* by finding the baseline figure—multiplying the $250 hourly rate by 10 hours of work—the trial court then failed to consider any of the factors from *Pirgu*. The *Pirgu* Court held that the trial court "must" consider these factors, and failure to do so and provide a record constitutes an abuse of discretion. *Id*. at 282-283. Therefore, the trial court abused its discretion in failing to consider these factors and make a record of its findings. The attorney fee award is vacated, and this matter is remanded to the trial court to make a proper record under the appropriate framework.

## III. POSTJUDGMENT INTEREST

The trial court did not abuse its discretion in denying defendant's motion for interest on the unpaid property settlement award.

The trial court's decision whether to award postjudgment interest in equity is also reviewed for an abuse of discretion. *Reigle v Reigle*, 189 Mich App 386, 393-394; 474 NW2d 297 (1991). As stated above, a trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Pirgu*, 499 Mich at 274.

MCL 600.6013(1) applies to money judgments recovered in a civil action. Defendant conceded in his supplemental brief filed in the trial court that this statute does not apply to divorce judgments. Indeed, this Court has held that " 'Michigan caselaw clearly establishes that the statute

-4-

governing interest on money judgments, MCL 600.6013, does not apply to judgments of divorce.' " *Olson v Olson*, 273 Mich App 347, 351; 729 NW2d 908 (2006), quoting *Reigle*, 189 Mich App at 392. " 'Interest on such awards is granted solely pursuant to the equitable powers of the court.' " *Olson*, 273 Mich App at 351, quoting *Reigle*, 189 Mich App at 392-393. Thus, defendant argues on appeal that he was entitled to interest in equity.

An award of interest on a judgment entered in a domestic relations case may be appropriate under the trial court's discretionary equitable powers. *Olson*, 273 Mich App at 354, citing *Lawrence v Lawrence*, 150 Mich App 29, 34; 388 NW2d 291 (1986), and *Ashbrenner v Ashbrenner*, 156 Mich App 373, 376; 401 NW2d 373 (1986). "An equitable award of interest in a divorce action is not intended to serve the purpose of compensating a party for lost use of funds. Rather, an award of interest for overdue payment in a property settlement prevents the delinquent party from realizing a windfall and assures prompt compliance with court orders." *Olson*, 273 Mich App at 354-355, citing *Reigle*, 189 Mich App at 394 (quotation marks omitted).

The trial court denied defendant's request for interest on plaintiff's delayed payment of the property settlement because there was no evidence presented at the evidentiary hearing regarding interest at all. Indeed, when defense counsel asked defendant what interest rate he thought should be applied, plaintiff's counsel objected, and the trial court sustained, reasoning that defendant lacked the knowledge to answer that question. Defendant's arguments on appeal amount to nothing more than asserting that he lost the timely use of the funds from the property settlement when plaintiff did not pay by the due date, which is not a proper purpose for the award of interest in a divorce action. *Olson*, 273 Mich App at 354. He argues that he suffered financially by losing money for a prepaid trip as well as late fees for paying off his truck. Defendant's request for compensation for these damages was denied by the trial court. Moreover, defendant presented no evidence that plaintiff realized a windfall from the delayed payment of the property settlement. Although plaintiff initially claimed she could not make the payment without financing, and then it was discovered that she had enough funds in her business account, defendant has been paid the property settlement in full, and produced no evidence that plaintiff received a windfall from her delayed payments. As neither purpose for equitable interest was met, the trial court did not abuse its discretion in denying defendant's request for postjudgment interest on the property settlement.

## IV. CONCLUSION

We vacate the trial court's award of attorney fees and remand to the trial court for a determination of reasonable attorney fees under the proper framework. We affirm the trial court's denial of an award of interest to defendant. We retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen

# Court of Appeals, State of Michigan

## ORDER

REBECCA E CHEW V JOSEPH P LOPEZ

Docket No.     366641

LC No.         21-030034-DO

Michael J. Kelly
Presiding Judge

Kathleen Jansen

Christopher M. Murray
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 42 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we vacate the trial court's award of attorney fees, and remand to the trial court for a determination of reasonable attorney fees under the proper framework.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Michael J. Kelly
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 25, 2024
Date

Chief Clerk