CROPSEY v SCRANTON

Docket No. 134628. Submitted December 10, 1992, at Detroit. Decided February 17, 1993; approved for publication April 22, 1993, at 9:05 A.M.

Virginia L. Cropsey was granted a divorce from Steven E. Scranton by the Oakland Circuit Court on June 24, 1982. Cropsey was awarded alimony in gross to pay educational expenses. When the alimony award was not satisfied, Cropsey instituted garnishment proceedings, seeking the amount of the award plus interest. The court, Steven N. Andrews, J., granted Scranton's motion to dissolve the garnishment proceedings to the extent that they sought to collect interest on the alimony award, and refused Scranton's request for sanctions against Cropsey for seeking interest. Cropsey appealed, and Scranton cross appealed.

The Court of Appeals held:

1. The court erred in refusing to assess prejudgment interest, pursuant to MCL 600.6013; MSA 27A.6013, on the award of alimony in gross. Section 3 of the Support and Visitation Enforcement Act, MCL 552.603; MSA 25.164(3), mandates that statutory interest be added to support arrearage orders pursuant to MCL 600.6013; MSA 27A.6013. The act applies to the parties' 1982 judgment of divorce, and the award of alimony in gross is a support order. Cropsey is entitled to twelve percent interest on the award of alimony in gross calculated from the date of the filing of the complaint through the date of satisfaction of the judgment.

2. The court properly denied Scranton's motion for sanctions.

Affirmed in part and reversed in part.

*Robert W. Roddis,* for Virginia Cropsey.

*Miller, Johnson, Snell & Cummiskey* (by *Stephen R. Ryan* and *Steven E. Bratschie*), for Steven Scranton.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

PER CURIAM. Plaintiff appeals as of right from an October 17, 1990, order denying interest on a judgment awarding her alimony in gross. Defendant cross appeals from the same order, which also denied his request for sanctions against plaintiff. We affirm in part and reverse in part.

On June 24, 1982, a judgment of divorce was entered dissolving the marriage of plaintiff and defendant. The court ordered defendant to pay plaintiff alimony in gross of $2,500 to pay for her tuition. The alimony payment was not satisfied until plaintiff instigated garnishment proceedings against defendant. In the writ of garnishment, plaintiff sought both the original alimony award of $2,500 plus $3,893 in interest. The court thereafter dissolved the garnishment proceedings to the extent that they sought to collect interest on the alimony award. The court further refused defendant's request to impose sanctions against plaintiff for including interest in the writ of garnishment. This appeal followed.

Plaintiff argues that the court erred in refusing to assess prejudgment interest, pursuant to MCL 600.6013; MSA 27A.6013, on her award of alimony in gross. We agree. In *Langford v Langford,* 196 Mich App 297; 492 NW2d 524 (1992), a panel of this Court found that MCL 552.603; MSA 25.164(3), being § 3 of the Support and Visitation Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.,* mandates that statutory interest be added to support arrearage orders pursuant to MCL 600.6013; MSA 27A.6013. Although the effective date of § 3 was July 6, 1987, it is clear that the act applies to the parties' 1982 judgment of

* Circuit judge, sitting on the Court of Appeals by assignment.

divorce. MCL 552.603(4); MSA 25.164(3)(4) provides that the section shall apply to support payments before July 6, 1987. Further, it is clear that plaintiff's award of alimony in gross is a "support order." MCL 552.602(1)(i); MSA 25.164(2)(1)(i) provides:

> (1) "Support" means either of the following:
> (i) The payment of money for a child or a *spouse* ordered by the circuit court, whether the order is embodied in an interim, temporary, permanent, or modified order or *judgment.* Support may include payment of the expenses of medical, dental, and other health care, child care expenses, and *educational expenses.* (Emphasis added.)

MCL 552.602(m); MSA 25.164(2)(m) provides:

> "Support order" means any order entered by the circuit court for the payment of support, whether or not a sum certain.

The instant award to plaintiff was for educational expenses. Accordingly, we find that reversal is warranted on this basis and that plaintiff is entitled to twelve percent interest on the award of alimony in gross calculated from the date of the filing of the complaint through the date of satisfaction of the judgment, pursuant to MCL 600.6013(4); MSA 27A.6013(4).

Defendant argues on cross appeal that the court erred in denying his motion for sanctions against plaintiff. Defendant contends that sanctions are warranted pursuant to MCR 2.114(D) and (E) because plaintiff included interest in the writ of garnishment and garnished defendant's wages for $6,393, rather than the $2,500 alimony award. However, in light of our resolution of the first issue, we find that sanctions would have been inappropriate.

Affirmed in part and reversed in part.