**S & S GASKET COMPANY, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 79–1121.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 22, 1980.

Decided Dec. 11, 1980.

---

Michael J. Philbin and William Ritchie Pigue, Glasgow, Adams, Taylor & Philbin, Nashville, Tenn., for plaintiff–appellant.

Hal D. Hardin, U. S. Atty., Nashville, Tenn., M. Carr Ferguson, Gilbert Andrews, Joe Vaulx Crockett, Crombie J. D. Garrett, Joan I. Oppenheimer, Tax Div., Dept. of Justice, Washington, D. C., for defendant–appellee.

Before MERRITT and JONES, Circuit Judges, and GIBSON, District Judge.*

PER CURIAM.

S & S Gasket Company (S & S) appeals from a judgment holding that a United States tax lien had priority over its judgment lien against the taxpayer's funds in the possession of the Clerk and Master of the Chancery Court of Maury County, Tennessee. We reverse.

### I.

On May 13, 1975, S & S filed an action against Wilhite Buildings, Inc. in the Circuit Court of Colbert County, Alabama. It received a judgment in its favor for $15,-154.51.

On March 22, 1976, S & S filed an action in the Chancery Court of Maury County, Tennessee, to enforce the Alabama judgment against Wilhite Buildings, Inc., Maury Steel, Inc., and Friendship Christian School. S & S requested a restraining order and a writ of attachment to have the amount of the judgment deposited in the Registry of the Court.

On April 2, 1976, the Chancery Court granted the relief prayed for and ordered Friendship Christian School to pay $15,-154.00 into the Registry of the Clerk and Master's office. Friendship Christian School was then dismissed from the action. On April 15, 1976, S & S filed a supplemen-

---

* Benjamin F. Gibson, District Judge, United States District Court for the Western District of Michigan, sitting by designation.

tal complaint to include Alfred M. Wilhite and Peggy Wilhite as defendants.

On September 13, 1976, the Internal Revenue Service recorded a federal tax lien in the Register's office of Maury County, Tennessee. The lien named Wilhite Buildings, Inc. as the taxpayer. It recited an unpaid balance of $9,395.08. On the same day, the Internal Revenue Service delivered a notice of levy on Wilhite Buildings, Inc. to the Clerk and Master of the Chancery Court of Maury County, Tennessee.

On October 14, 1976, the Chancery Court of Maury County, Tennessee, entered an order decreeing that the Alabama judgment was entitled to full faith and credit in Tennessee and entered a final judgment against Wilhite Buildings, Inc., Alfred M. Wilhite, and Peggy Wilhite for $15,154.51. The Court directed the Clerk to disburse to S & S $5,663.80 of the proceeds on deposit. The balance ($9,490.71) remained on deposit pending a determination of the priority of the United States' and S & S's conflicting claims to the proceeds.

On June 10, 1977, S & S filed this action in the district court. S & S asserted that its judgment lien against the funds was choate and entitled to priority over the federal tax lien. In the alternative, it contended that its claim had priority because the tax lien could not attach to the funds in the Registry of the Clerk and Master of Maury County, Tennessee.

The facts were stipulated to in the district court. The district court held that under Tennessee law S & S had not affixed a lien on the taxpayer's property until the Tennessee court entered a final judgment. Final judgment was not entered until after the United States filed its tax lien. Accordingly, the district court granted the government's motion for summary judgment.

## II.

In this appeal, S & S contends that its lien had priority over the Government's tax lien because S & S was a judgment lien creditor before the tax lien was filed. 26 U.S.C. § 6323. We agree.

■ The relative priority of a lien competing with a federal tax lien is a question of federal law, although a state court's "classification of a lien as specific and perfected is entitled to great weight ..." *United States v. Security Trust & Savings Bank,* 340 U.S. 47, 49–50, 71 S.Ct. 111, 112–113, 95 L.Ed. 53 (1950). Under federal law the priority of S & S's lien depends on when it "attached to the property in question and became choate." *United States v. New Britain,* 347 U.S. 81, 86, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954). The federal choateness doctrine provides:

As against a recorded federal tax lien, the relative priority of a state lien is determined by the rule 'First in time is first in right,' which in turn hinges upon whether, on the date the federal lien was recorded, the state lien was 'specific and perfected.' A state lien is specific and perfected when 'there is nothing more to be done ... when the identity of the lienor, the property subject to the lien and the amount of the lien are established.' 'Thus the priority of each statutory lien ... must depend on the time it attached to the property in question and became choate.' *United States v. Equitable Life Assurance Society,* 384 U.S. 323, 327–28, 86 S.Ct. 1561, 1564, 16 L.Ed.2d 593 (1966) *quoting, United States v. New Britain,* 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954).

The district court relied on *United States v. Security Trust and Savings Bank,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950), in holding that the Government's tax lien had priority. That case is distinguishable because under the state law in that case "[t]he attachment lien ... [gave] the attachment creditor no right to proceed against the property unless he gets a judgment ..." *Id.* at 50, 71 S.Ct. at 113. This led the court to conclude that the attachment lien was "merely a *lis pendens* notice that a right to perfect a lien existed." *Id.* at 50, 71 S.Ct. at 113.

■ The relevant facts in this case are far different. S & S obtained a judgment

in Alabama, filed its Alabama judgment in Tennessee and had the amount of its Alabama judgment deposited in the Tennessee court's Registry before the Government filed its tax lien.

We hold that under federal law S & S held a valid judgment lien before the Government filed its tax lien. S & S's lien was choate once it had a valid judgment in a court of record for a definite amount of money which attached to the funds in issue. *Bank of California, National Association v. United States*, 520 F.2d 302 (9th Cir. 1975).

In view of our resolution of this issue it is unnecessary to consider S & S's other contentions.

Accordingly, the judgment of the district court is REVERSED.