Christine A. RICHARDS, Plaintiff,

v.

Jeffrey E. RICHARDS, United States of America, Department of Treasury—Internal Revenue Service, Defendants.

United States of America, Counter–Plaintiff,

v.

Christine A. Richards, Counter–Defendant.

No. 4:04–CV–23.

United States District Court, W.D. Michigan, Southern Division.

March 31, 2005.

Colleen Mary Cullitan, St. Joseph, MI, for Plaintiff.

Donald L. Bleich, Elizabeth Lan Davis, Washington, DC, for Defendant.

### AMENDED OPINION *

ENSLEN, District Judge.

This matter is before the Court to determine Defendant/Counter–Plaintiff United States of America's Motion for Summary Judgment. This action relates to a federal tax lien. The Motion has been fully briefed and oral argument is unnecessary. *See* W.D. Mich. L. Civ. Rule 7.2(d).

## I. Background

Plaintiff Christine A. Richards filed this action to quiet title regarding proceeds from commercial real property located in St. Joseph, Michigan. The United States then counterclaimed and asserted the validity of its tax liens as to proceeds from the property pursuant to 26 U.S.C. §§ 7401 and 7403. The liens relate to unpaid federal income tax of Jeffrey E. Richards, Plaintiff's former husband, equaling $369,838.48 plus interest and penalties arising on and after September 1, 2004.[1] The federal taxes were assessed

---

\* The Opinion was amended on March 31, 2005 to correct a clerical error.

**1.** There is no controversy remaining as to Jeffrey Richards, because he has stipulated to entry of judgment against him as to the unpaid tax liabilities in the amount of $369,838.48.

between September 2, 1996 and August 5, 2002. (Decl. of Elizabeth Lan.)

On June 24, 1996, the Richards were divorced. (Lan Decl.; J. of Divorce, at 1.) Pursuant to the Judgment of Divorce, the Circuit Court made the following pertinent awards of property and monies: (1) it awarded Jeffrey Richards the subject property free and clear of any claims by Christine Richards;[2] (2) it awarded Christine Richards the sum of $50,000 in cash payable immediately; (3) it awarded Christine Richards a sum of money to pay a mortgage on Christine Richards' residential property "in the approximate amount of Seventy-two [Thousand] ($72,-000) Dollars" payable immediately; and (4) it awarded Christine Richards the sum of $21,000 payable on January 30, 1998. (J. of Divorce at 4–5.)

Following the entry of Judgment, Jeffrey Richards failed to make the required property settlement payments to Plaintiff. This failure resulted in the recording, with the Register of Deeds, of a judicial lien in favor of Plaintiff as to the property on August 27, 1996. (Lan Decl.; Stip & Order Re: Lien.) Plaintiff claims the lien amount includes the property awards made to her in the Judgment of Divorce. The subject property was sold by agreement of the Richardses on October 5, 2004. (Lan Decl.; Exs. 10 & 11.) In accordance with a Stipulation and Agreed Order in this suit, a portion of the sale proceeds ($123,158.36) was then placed in escrow pending determination of the competing parties' interests. (United States' Mem., at 3.) Both parties claim the whole amount.

According to the United States' tax documentation, its tax liens against Jeffrey Richards arose on and after September 2, 1996, following the divorce and the recording of Plaintiff's lien. (Lan Decl.) However, the parties dispute whether the August lien was effective. In tax parlance, the issue is whether the judicial lien was inchoate at the time it was recorded because it was not sufficiently established. It is also argued by the United States that the lien was not effective because it had not been properly perfected under state law.

## II. Standards for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

**2.** Pursuant to state statute, Mich. Comp. Laws § 552.401, a divorce award of real property has the same effect as a quit claim deed. Namely, it is effective to convey the real estate between the parties. *See* Mich. Comp. Laws § 565.3. Though the failure to record the deed did create an unnecessary cloud on title, it did not change the character of the transaction as to the Richardses. *See* Mich. Comp. Laws

§ 565.29 (unrecorded conveyances are effective except as against good faith purchasers). Also, while Plaintiff did have the right to payment of monies under the divorce decree, the decree did not impose any ownership interest in the real estate relating to the payment of those monies. In short, Plaintiff was no longer an owner of any part of the property after the decree.

### III. Legal Analysis

■ The right of the sovereign to taxes is not a begrudging one under Federal law. Title 26 United States Code § 6322 states that a federal tax lien arises in favor of the United States upon the assessment of taxes. This language has been interpreted to mean not only property held by the tax payer at the time of assessment, but also all after-acquired property. *See United States v. McDermott,* 507 U.S. 447, 455, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993). This includes the proceeds of a real estate sale where the real estate is subject to a tax lien. *Municipal Trust & Sav. Bank v. United States,* 114 F.3d 99, 101 (7th Cir.1997). Thus, in this instance, the assessment of taxes against Jeffrey Richards has created a large lien in favor of the United States as to all personal and real property owned by him, including the proceeds of any real estate sales.

■ As to competing liens, the rule applicable under Federal law is that the first in time is the first in right. *United States v. City of New Britain,* 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520 (1954). In this case, the property settlement lien is first in time. Thus, it is first in right provided it qualifies as a "choate" lien and meets the other requirements of federal law. *Blachy v. Butcher,* 221 F.3d 896, 905 (6th Cir.2000). A state-created judicial lien is choate only "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *City of New Britain,* 347 U.S. at 84, 74 S.Ct. 367. The first two requirements are met here, but the parties dispute the third requirement.

■ As to whether the amount of the lien was established, there is no legal requirement that the notice of lien itself set forth the amount of the lien. Rather, the requirement is that the lien amount be established as "a sum certain" by the underlying judgment. *Hensley v. Harbin,* 196 F.3d 613, 616 (6th Cir.1999); *see also* 26 C.F.R. § 301.6323(h)–1(g); *S & S Gasket Co. v. United States,* 635 F.2d 568, 571 (6th Cir.1980). As stated above, the Judgment of Divorce involved three property awards in favor of Plaintiff: (1) the award of $50,000 to Plaintiff payable immediately; (2) the award of $21,000 to Plaintiff payable on January 30, 1998; and (3) the award of the mortgage amount in the approximate amount of $72,000.00 payable immediately.

Of these awards, only the first represents the award of a sum certain. The mortgage amount is not a sum certain because it was stated only approximately. The $21,000 award was stated as a certain amount, but was not due and payable as of the time of the filing of the lien. Thus, it cannot prime the federal tax lien.

Furthermore, while the $50,000 award was choate at the time of the filing of the lien, no interest determination as to the award was choate. This is because of a peculiarity in Michigan's statutory interest statute, Mich. Comp. Laws § 600.6013, which has been interpreted as not applying to divorce judgments.[3] *Reigle v. Reigle,* 189 Mich.App. 386, 474 N.W.2d 297, 300 (1991) (citing *Thomas v. Thomas (On Remand),* 176 Mich.App. 90, 439 N.W.2d 270, 271 (1989)). Rather, interest awards in divorce actions are purely within the equi-

---

**3.** In most cases, a judgment lien will bear interest under Mich. Comp. Laws § 600.6013 at the statutory rate; thus, both the sum certain lien amount and the statutory interest will be deemed choate because the interest calculation can be determined by the set formula and the calendar alone. It is true that payments by a judgment debtor will add a measure of uncertainty to any interest calculation, though this reason is insufficient to deem a lien inchoate—otherwise the system for lien creation would serve no effective purpose.

table discretion of the Circuit Court. *Id.* Since the Circuit Court had not announced an interest award at the time of the filing of the lien, no interest award was choate at that time, within the meaning of federal law. This does not mean that the $50,000 lien was not choate, only that an additional interest award was not choate.

While the $50,000 lien was choate, there is an additional important argument why it (and the other asserted awards) were not perfected liens for the purposes of federal law. Federal law insists that only certain judgment liens will be given priority over federal tax liens. These liens are defined as follows:

> The term "judgment lien creditor" means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date. If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing. *If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved.* The term "judgment" does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of State taxing authorities.

26 C.F.R. § 301.6323(h)–1(g) (emphasis added).

■ In other words, a competing state-created judgment lien is not effective until it attaches under the governing state law. *See Redondo Const. Corp. v. United States,* 157 F.3d 1060, 1063 (6th Cir.1998). This includes, as stated above, any state law requirement of levy as a condition of attachment.

Under Michigan law, real property liens are disfavored and several procedural steps are required to create such liens:

> Chapter 60 of the Revised Judicature Act (RJA), M.C.L. § 600.6001 *et seq.;* M.S.A. § 27A.6001 *et seq.,* ordinarily governs collection of judgments and execution against real estate for monies owed. A judgment, by itself, does not create a lien against a debtor's property. Under the scheme provided in chapter 60, the creditor must first obtain a judgment for the amount owed, then execute that judgment against the debtor's property. A creditor may execute against real property owned by a debtor only after attempting to execute against the debtor's personalty and determining that the personal property is insufficient to meet the judgment amount. M.C.L. § 600.6004; M.S.A. § 27A.6004. To place a lien against a debtor's real property, the creditor must deliver the writ of execution and a notice of levy against the property to the sheriff, who then records the notice of levy with the register of deeds to perfect the lien.

*George v. Sandor M. Gelman, P.C.,* 201 Mich.App. 474, 506 N.W.2d 583, 585 (1993).

In this case, there was no prior execution against personalty and no execution and levy made by a court officer. Therefore, the lien is not effective against third parties holding valid secured interests, including the United States.[4]

## IV. Conclusion

For the above reasons, Counter–Plaintiff United States of America is entitled to summary judgment in its favor and against Christine A. Richards. Likewise, it is entitled to the award of the whole of the escrow funds.

Judgment shall issue consistent with this Opinion.

### *JUDGMENT*

In accordance with the Opinion of this date;

**IT IS HEREBY ORDERED** that Defendant/Counter–Plaintiff United States of America's Motion for Summary Judgment (Dkt. No. 26) is **GRANTED** and summary judgment is **AWARDED** in favor of Defendant/Counter–Plaintiff United States of America and against Plaintiff/Counter–Defendant Christine A. Richards.

**IT IS FURTHER ORDERED** that the federal tax lien of the United States of America as to the real property at issue are **ADJUDGED** prior in right to the judgment liens asserted by Christine A. Richards, and the escrow agent holding the sale proceeds shall deliver those funds to the United States of America forthwith.

---

4. The lien was effective against the spouse who by stipulation waived those requirements. This stipulation, though, did not bind third-party non-signatories.