PEOPLE v BURT

Docket No. 77-4371. Submitted December 6, 1978, at Detroit.—Decided February 27, 1979.

Defendant, Terrance Burt, was convicted of unarmed robbery in Recorder's Court of Detroit, George W. Crockett, III, J. At trial defendant offered the alibi that, at the time of the crime, he and four friends were watching a football game on television. The prosecutor proposed to introduce the Detroit News T.V. Guide to rebut the alibi evidence but, after several attempts to lay a foundation, the prosecutor abandoned his attempt to introduce it. During deliberations, the jury asked to see the T.V. Guide but were refused by the judge for the reason that it was not in evidence. Defendant appeals. *Held:*

While the trial court erred in ruling that the T.V. Guide might be introduced to prove what programs were scheduled to be aired, the Court of Appeals takes judicial notice that no football games between Washington and Dallas or between any other professional football teams were televised on the day in question, December 24, 1976, and, therefore, the error is harmless, in that the outcome of a new trial would not likely be any different.

Affirmed.

N. J. KAUFMAN, J., concurred in the result for the reason that the trial court instructed the jury to consider only the evidence and exhibits which were admitted. He would be hesitant to take judicial notice for the first time on appeal of a fact for which no proof was offered below.

OPINION OF THE COURT

1. APPEAL AND ERROR — EVIDENCE — JUDICIAL NOTICE.

Appellate courts can review the propriety of the judicial notice taken by the court below and can even take judicial notice on their own initiative of facts not noticed below.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Appeal and Error § 739.
[2] 29 Am Jur 2d, Evidence §§ 24, 99.

2. EVIDENCE — JUDICIAL NOTICE — RULES OF EVIDENCE.

A judicially noticed fact must be one capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; the question of whether or not a given football game was played on a given day is capable of judicial notice (MRE 201[b][2]).

CONCURRENCE BY N. J. KAUFMAN, J.

3. APPEAL AND ERROR — EVIDENCE — JUDICIAL NOTICE.

*A reviewing court should be hesitant to take judicial notice for the first time on appeal of a fact for which no proof was offered below.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Patricia Rossi Galvin,* for defendant on appeal.

Before: BEASLEY, P.J., and BRONSON and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant was convicted by a jury of unarmed robbery, contrary to MCL 750.530; MSA 28.798. After sentence, he appeals as of right, raising two issues, only one of which merits discussion.

Defendant offered as an alibi that he and four friends were watching a football game on television at the time of the alleged crime. At trial, on cross-examination, the prosecutor asked three of the alibi witnesses and defendant which teams had played in the game.

Out of the presence of the jury, the prosecutor announced that he intended to introduce the Detroit News T.V. Guide in evidence to rebut the

testimony offered by the alibi witnesses. He asked the trial judge to take judicial notice of its authenticity. The court ruled, over defendant's objection, that the T.V. Guide could be admitted into evidence to show what was scheduled to be aired on the day in question, but it was not admissible as evidence of what actually appeared on television that day.

When the jury reentered the courtroom, the prosecutor had his witness identify the proposed exhibit. After several attempts to lay a foundation for admission of the T.V. Guide into evidence, the prosecutor abandoned his attempt to introduce it for the reason that his witness lacked the information necessary to lay the foundation.

During deliberations, the jury asked the trial judge to permit them to see the T.V. Guide. In the presence of the jury, the court said that they could not examine the T.V. Guide. The judge stated: "The reason for that is that it's not an exhibit. It's not in evidence."

Defendant contends that the court made an erroneous ruling when it determined that the T.V. Guide was not admissible as probative of what actually appeared on television, but was admissible for the purpose of showing what was scheduled to be shown. Although the evidence was not formally admitted, defendant argues that had the court ruled differently, the jury would not have been exposed to the physical presence of and the discussion concerning the T.V. Guide, and defendant's case would not have been prejudiced.

Where a newspaper is admissible, extrinsic evidence of its authenticity is not required.[1] Generally, however, newspapers are hearsay evidence of the facts stated within them and are not admissi-

---

[1] MRE 902(6).

ble in evidence to prove such facts.[2] A T.V. Guide
is an out-of-court statement of what was sched-
uled. If it was being offered by the prosecutor to
prove the truth of the matter asserted, *i.e.,* as
evidence of what was actually aired so as to rebut
defendant's alibi, it would be hearsay. The T.V.
Guide defied cross-examination concerning its reli-
ability. The prosecutor could have brought in a
witness from the television station to testify or
introduced records kept by the station in the
regular course of business.

The trial judge ruled that the T.V. Guide was
not admissible to prove what was actually aired,
but only for what was scheduled. We find what
was scheduled to be aired to be irrelevant in this
case. MRE 401 states:

"'Relevant evidence' means evidence having any
tendency to make the existence of any fact that is of
consequence to the determination of the action more
probable or less probable than it would be without the
evidence."

Showing what was scheduled would in no way
dispute defendant's alibi; the relevant evidence
would be proof that the football game which defen-
dant and the alibi witnesses claimed they were
watching at the time of the alleged crime, was not
aired at that time. However, the T.V. Guide would
be inadmissible for that purpose, as it is merely
hearsay evidence of the facts stated and incompe-
tent to prove what was actually shown on the date
in question.

We must then consider if the erroneous ruling
by the judge is grounds for reversal. In determin-
ing whether the error was harmless, we take into

---

[2] 32 CJS, Evidence, § 726, p 1031.

consideration that although the T.V. Guide was never formally admitted into evidence, the jury was exposed to it and could well have inferred from the prosecutor's line of questioning the purpose for which it was being introduced. We also consider that when the jury asked to see the T.V. Guide during their deliberations, the judge instructed them that the T.V.uide was not in evidence and could not be viewed by them.

Under MRE 201(c), a court may take judicial notice whether or not requested to do so. MRE 201(c) allows judicial notice to be taken at any stage of the proceeding. At the very least, the rule implies that appellate courts can review the propriety of the judicial notice taken by the court below and can even take judicial notice on their own initiative of facts not noticed below.[3] A judicially noticed fact must be one "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned".[4]

We find it capable of accurate demonstration by resorting to easily accessible sources of unquestioned accuracy whether a football game was played between Washington and Dallas, or between any other professional football teams, on the afternoon of December 24, 1976, and have done so.

Consequently, even if we find that the jury's exposure to the T.V. Guide was prejudicial, we do not find it necessary to return the case for a new trial. We take judicial notice that, in fact, no football game between Washington and Dallas, or between any other professional football teams, was televised on the date in question, namely, Decem-

---

[3] McCormick, Evidence (2d ed), § 333, pp 771, 773. See, Comment, 42 Mich L Rev 509 (1943).

[4] MRE 201(b)(2).

ber 24, 1976. Therefore, any harmful inferences made by the jury upon seeing the T.V. Guide would not be erased by a new trial in which the prosecution could offer testimony of an official programmer from the station which would appear to raise serious questions regarding the credibility of the alibi witnesses.

We, therefore, find that, under the circumstances of the case, the outcome of the trial would not likely be changed upon retrial; therefore, the error is found to be harmless.

Affirmed.

N. J. KAUFMAN, J. *(concurring in result).* I concur in the result reached by the majority on the basis that the jury was told to consider only the evidence and exhibits admitted. The judge expressly stated that the jury could not examine the T.V. Guide, because it was not an exhibit. I am hesitant to take judicial notice for the first time on appeal of a fact for which no proof was offered below. Compare 31 CJS, Evidence, § 13(b), pp 841-842 and 22A CJS, Criminal Law, § 531, pp 234, 236.