*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT URSUY,

        Plaintiff-Appellee,

v

SAWSAN YASSIN and BASHAR YASSIN,

        Defendants-Appellants.

UNPUBLISHED
September 24, 2019

No. 343211
Saginaw Circuit Court
LC No. 17-035093-CK

Before: MURRAY, C.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

In this landlord-tenant dispute, defendants appeal as of right an order granting plaintiff summary disposition under MCR 2.116(C)(10) and awarding him $52,263.40 in damages on a claim for unlawful eviction. Defendants contend that the trial court erred in relying on a request for admissions as the evidentiary basis for summary disposition. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

In 2016, defendants evicted plaintiff from an apartment and removed his personal possessions from the premises. Plaintiff then filed an action in the 70th District Court alleging that he had leased the apartment with Steffanie Kinderman, that defendants had obtained a judgment to evict Kinderman, but that defendants had never obtained a judgment to evict plaintiff. Plaintiff provided to the district court a copy of the lease which listed both plaintiff and Kinderman as tenants and contained both of their signatures.

The district court then issued an order providing for a 90-day discovery period, which ultimately ended on July 26, 2017. Although defendants filed motions to extend the discovery period, the motions were taken under advisement and were never granted. Instead, at a November 2, 2017 hearing on plaintiff's motion to remove the case to the circuit court based on the amount of damages he was requesting, the district court ordered the case to be removed. On

-1-

November 21, 2017, the district court issued an order officially removing the case to the circuit court.[1]

In the days between the trial court's oral pronouncement that it would remove the case to the district court and the actual order of removal, on November 14, 2017, plaintiff filed a request for admissions in the district court. Plaintiff requested that defendants admit, among some other things, that: (1) plaintiff was defendants' tenant; (2) defendants cashed plaintiff's rental checks; (3) defendants did not send plaintiff a Notice to Quit; (4) there was no order of eviction issued against plaintiff; (5) defendants changed the locks on plaintiff's apartment; (6) defendants took possession of plaintiff's personal property; and (7) defendants did not return plaintiff's security deposit. Defendants never responded to the request for admissions.

On January 9, 2018, plaintiff moved for summary disposition, arguing that, under MCR 2.310, after 28 days without a reply from defendants, defendants were deemed to have automatically admitted to the statements contained in the request for admissions. Based on those admissions, plaintiff claimed that he was entitled to summary disposition and damages for defendants' unlawful eviction of plaintiff and for taking possession and presumably disposing of his personal property. Defendants failed to file a response to the motion for summary disposition.

On February 15, 2018, at the hearing on the motion for summary disposition, defendants appeared with what they claimed to be the original copy of the lease—which did not name plaintiff as a tenant or contain his signature—as well as paperwork evidencing that plaintiff was not named on the lease when it was submitted for insurance purposes. Rather than consider the evidence, however, the trial judge informed defendants that they would not be permitted to submit the documents into evidence because they had failed to provide the documents or an answer to the motion for summary disposition at least seven days before the motion hearing as required by MCR 2.116(G)(1)(a)(*ii*). The court noted that, although defendants were proceeding *in propria persona*, it was obligated to hold defendants to the same standards that it would hold an attorney representing them, and noted that it had previously warned defendant Sawsan Yassin of this fact. Based upon defendants' failures, and based upon the facts as established by the request for admissions, the court entered a judgment against defendants, awarding plaintiff $33,120 in trebled damages for conversion; $10,000 for mental anguish, humiliation, and embarrassment; $3,000 for the unreturned security deposit; and $6,143.40 in attorney fees and costs.

On February 20, 2018, now represented by counsel, defendants moved for reconsideration. Defendants challenged the validity of the request for admissions, pointing out that plaintiff filed the request in the district court 106 days after the close of discovery, and that discovery in district court is only available by leave of the court under MCR 2.302(A)(2). Defendants argued that they should not have been held to the request for admissions when the request was improperly made in the first place, and that absent the admissions, plaintiff had

---

[1] We note that, although this order was signed on November 21, 2017, it was not transmitted to the circuit court and timestamped by the circuit court until December 12, 2017.

failed to establish facts entitling him to summary disposition. Without providing its reasoning, the circuit court concluded that defendants failed to establish palpable error and denied the motion.

Defendants then moved to set aside the summary disposition order under MCR 2.612(C). Defendants attached to their motion the documents that they had brought to the summary disposition hearing, including a rental application which only contained Kinderman's name, a copy of the Residential-Lease Agreement showing that it was executed solely by Kinderman, and documents showing that pleadings and notices from the eviction proceedings named Kinderman "and all occupants." The circuit court denied defendants' motion, reiterating that defendants had failed to comply with court rules by submitting the documents with a timely response to the motion for summary disposition.

## II. ANALYSIS

Defendants argue that the request for admissions was invalid, that defendants therefore admitted nothing, and that plaintiff therefore did not establish that he was entitled to judgment as a matter of law. We agree.

This Court reviews de novo a lower court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). This Court reviews "a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In conducting this de novo review, we consider only the evidence that was properly presented to the trial court at the time the decision was made. *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003).

Here, what was properly presented to the trial court through plaintiff's motion for summary disposition was the motion, supporting brief, and the request for admissions that was attached as an exhibit. The request for admissions had as its caption the district court caption, which was only natural since that is where it was (untimely) served. No other documents were provided to the circuit court, and no argument was made that the requests were untimely made. Nonetheless, we conclude that based on the request for admissions, and the district court docket entries that we (and the trial court) can take judicial notice of,[2] the grant of plaintiff's motion for summary disposition was in error.

Under MCR 2.312(A), "a party may serve on another party a written request for the admission of the truth of a matter within the scope of MCR 2.302(B) . . . ." Additionally, "[e]ach matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the

---

[2] *People v Burt*, 89 Mich App 293, 297; 279 NW2d 299 (1979).

request is directed serves on the party requesting the admission a written answer or objection addressed to the matter." MCR 2.312(B)(1). Admissions under MCR 2.312 are considered "judicial admissions" and "they are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420; 551 NW2d 698 (1996) (quotation marks and citations omitted.) Importantly, requests for admissions, like all forms of discovery, must be served prior to the completion of discovery. MCR 2.312(A); *Radtke*, 453 Mich at 419.

Plaintiff filed the request for admissions in the district court after the close of discovery in that court. Discovery is generally not permitted in district court proceedings absent an order. See MCR 2.302(A)(2)(providing that "no discovery is permitted [in the district court] before entry of judgment except by leave of the court or on the stipulation of all parties."). Here, according to the district court docket sheet,[3] pursuant to a district court order entered April 27, 2017, discovery expired on July 26, 2017. Though defendants moved for an extension of discovery, it was never granted. Since there was no order extending discovery, plaintiff had no authority to serve the request for admissions, and defendants had no duty to answer them.

We conclude that, under those circumstances, the admissions could not have been used as a basis for establishing the facts necessary to entitle plaintiff to summary disposition. And, without the admissions, plaintiff simply did not establish that the facts entitled him to judgment as a matter of law under MCR 2.116(C)(10). See *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (explaining that, on a motion for summary disposition under MCR 2.116(C)(10), "the moving party has the initial burden of supporting [their] position" with admissible evidence).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

[3] The district court record was received by the circuit court clerk on December 14, 2017.