*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JODE INVESTMENTS, LLC, CLUB GOLF
PROPERTIES, LLC, and CLUB GOLF
INVESTORS, LLC,

        Plaintiffs/Counterdefendants-
        Appellants/Cross-Appellees,

v

BURNING TREE PROPERTIES, LLC,
BURNING TREE INVESTORS, LLC, SIMONE
MAURO, SALVATORE DIMERCURIO, and
SERGIO GESUALE,

        Defendants/Counterplaintiffs/Third-
        Party Plaintiffs-Appellees/Cross-
        Appellants,

and

ANTHONY MARROCCO and ANTHONY
FANELLI,

        Third-Party Defendants-
        Appellants/Cross-Appellees.

UNPUBLISHED
March 18, 2021

No. 346403
Macomb Circuit Court
LC No. 2011-000291-CB

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

## ON REMAND

In a prior judgment, this Court vacated writs of garnishment that we held were invalid because they included postjudgment interest (Part II-A), which we concluded should not have been awarded under MCL 600.6013(1) (Part II-B). *Jode Investments, LLC v Burning Tree Props, LLC*, unpublished per curiam opinion of the Court of Appeals, issued February 20, 2020 (Docket No. 346403) (*Jode Investments III*), pp 2, 7, 8. In lieu of granting leave to appeal, our Supreme Court vacated Part II-B of our judgment, holding that the "trial court did not rely upon MCL

-1-

600.6013(1) when it partially granted the defendants' request for post-judgment interest, but instead cited its equitable authority." *Jode Investments, LLC v Burning Tree Props, LLC*, ___ Mich ___; ___ NW2d ___ (2021) (Docket No. 161434). On remand for reconsideration, this Court is directed to determine: "(1) whether the trial court abused its discretion by awarding post-judgment interest; and (2) if not, whether the trial court abused its discretion with respect to the interest accrual date it selected." *Id*. We conclude that the trial court did not abuse its discretion by awarding postjudgment interest and did not abuse its discretion by using November 15, 2018 as the interest accrual date—as set forth in its November 15, 2018 opinion and order which is affirmed in these respects.

As we explained in *Jode Investments III*, this case arises out of 12 requests for writs of garnishment filed by defendants[1] for money owed to them by plaintiffs as discussed in this Court's prior opinions.[2] As we summarized in *Jode Investments III*, as set forth in the trial court's September 30, 2016 judgment, "Jode Investments, LLC, Simone Mauro, Salvatore DiMercurio and Sergio Gesuale, as 25% members of [Burning Tree Properties, LLC], are each entitled to 25% of $46,287.64, the value of the tax refund." *Jode Investments III*, unpub op at 8. The September 30, 2016 judgment also stated that the value of Burning Tree Investors, LLC's personal property was $542,500.24, but that value was subsequently increased by $396,176 after this Court determined that a loan receivable was also its personal property. *Id*. Consequently, on March 9, 2018, the trial court entered an order stating: "Jode Investments, LLC, Simone Mauro, Salvatore DiMercurio, and Sergio Gesuale, as 25% members of [Burning Tree Investors, LLC], are each entitled to 25% of $938,676.24, the value of [Burning Tree Investors, LLC's] personal property." *Jode Investments III*, unpub op at 8.

On July 30, 2018, defendants initiated garnishment proceedings after the judgment remained unpaid. In their requests for writs of garnishment, defendants had included an amount of postjudgment interest accruing from September 30, 2016. Plaintiffs objected, arguing that the writs were invalid because they should not have included any postjudgment interest. As our Supreme Court has noted in its remand order, the trial court partially granted defendants' request for postjudgment interest pursuant to its equitable authority, holding that the accrual date is November 15, 2018 and not September 30, 2016.

First, we consider on remand the issue whether the trial court abused its discretion in awarding postjudgment interest pursuant to its equitable authority. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Taylor*

---

[1] As in our previous opinions, we use the term "defendants" to refer collectively to Burning Tree Properties, LLC (BTP), Burning Tree Investors, LLC (BTI), Simone Mauro, Salvatore DiMercurio, and Sergio Gesuale. We use the term "plaintiffs" to refer collectively to Jode Investments, LLC, Club Golf Properties, LLC, Club Golf Investors, LLC, Anthony Marrocco, and Anthony Fanelli.

[2] See *Jode Investments, LLC v Burning Tree Props, LLC*, unpublished per curiam opinion of the Court of Appeals, issued April 17, 2014 (Docket No. 310957) (*Jode Investments I*) and *Jode Investments, LLC v Burning Tree Props, LLC*, unpublished per curiam opinion of the Court of Appeals, issued February 27, 2018 (Docket Nos. 335299; 336726) (*Jode Investments II*).

*v Currie*, 277 Mich App 85, 93; 743 NW2d 571 (2007), citing *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

In its remand order, our Supreme Court cited to *Cyranoski v Keenan*, 363 Mich 288; 109 NW2d 815 (1961), a case which discussed a court's equitable authority as follows:

> "Courts of equity, in decreeing or refusing interest, generally follow the law; and, on the other hand, it has been said that courts of law are sometimes affected by equitable considerations in the allowance of interest. Nevertheless, interest is sometimes allowed by courts of equity, in the exercise of a sound discretion, when it would not be recoverable at law. These courts, it has been said, will, in their discretion, allow or withhold interest as, under all the circumstances of the case, seems equitable and just, except in cases where interest is recoverable as a matter of right." [*Id*. at 294-295, quoting 47 CJS, Interest, § 3, pp 13, 14.]

In this case, the trial court apparently considered the circumstances of the case and concluded that it was "equitable and just" to award defendants postjudgment interest. As we noted in *Jode Investments III*, unpub op at 6-7, the trial court reasoned that plaintiffs should not be incentivized to not satisfy the judgment. We agree with this justification.

The reason that defendants were required to seek writs of garnishment in the first place is because plaintiffs failed or refused to satisfy the judgment—any amount of the judgment—without additional court intervention through garnishment proceedings.[3] While plaintiffs argued that the writs of garnishment were invalid because of the inclusion of postjudgment interest, the underlying judgment was valid yet plaintiffs paid nothing. The issue of postjudgment interest only arose when garnishment proceedings were required because of plaintiffs' refusal to pay the judgment or any part of the judgment. And in response to plaintiffs' August 17, 2018 objection to the writs of garnishments, defendants were willing to remove their request for postjudgment interest to resolve plaintiffs' objection: an offer plaintiffs refused. Further, plaintiffs could have satisfied the judgment and still contested payment of postjudgment interest.

In reaching its decision on November 15, 2018 to award defendants' postjudgment interest under its equitable authority, the trial court cited to the case of *Ashbrenner v Ashbrenner*, 156 Mich App 373; 401 NW2d 373 (1986). In *Ashbrenner*, the trial court did not realize it had the equitable authority to order postjudgment interest but, on appeal, this Court ordered the judgment debtor to pay postjudgment interest. *Id*. at 377. This Court held in *Ashbrenner* that the failure to award postjudgment interest was in effect an award to the judgment debtor for failing to pay the amount due, and further, discouraged the prompt compliance with court orders. *Id*.

Similarly, in this case, the trial court entered the judgment on September 30, 2016. After this Court rendered its decision in *Jode Investments II*, the trial court modified the judgment on March 9, 2018. The modification increased the amount of the judgment by almost $400,000. Thus, plaintiffs have owed defendants more than $500,000 since at least September 30, 2016, and

---

[3] Our reference to "judgment" means the September 30, 2016 judgment, later amended on March 9, 2018.

more than $930,000 since March 9, 2018. From September 30, 2016 until November 15, 2018 when the trial court awarded defendants postjudgment interest, plaintiffs had use of more than $500,000 to which defendants were entitled. Just as in the *Ashbrenner* case, if plaintiffs were not required to pay postjudgment interest they would receive a windfall and they would be rewarded for failing to promptly comply with the trial court's order of judgment. During the time that plaintiffs retained the money that was due and owing to defendants, plaintiffs derived the benefit of that money while depriving defendants of the money to which they were rightfully entitled. As the trial court held, plaintiffs "should not be incentivized for not satisfying the judgment[.]" We agree with the trial court's conclusion that the *Ashbrenner* rationale applies here and is persuasive. On the facts of this case, we cannot conclude that the trial court abused its discretion in determining that it was equitable and just to award defendants postjudgment interest pursuant to its equitable authority. See *Cyranoski*, 363 Mich at 294-295; *Taylor*, 277 Mich App at 93.

Next, we must consider whether the trial court abused its discretion with respect to the interest accrual date it selected, November 15, 2018. We conclude that the trial court did not abuse its discretion in this regard. See *Taylor*, 277 Mich App at 93.

Defendants had previously argued to this Court that the trial court erred when it awarded postjudgment interest from November 15, 2018, rather than from September 30, 2016, the date of the original judgment. In denying defendants' request for postjudgment interest from September 30, 2016, the trial court noted that defendants had not requested postjudgment interest until October 2018, in their countermotion for reconsideration filed after a motion for reconsideration had been filed by plaintiffs. Therefore, the trial court held that the accrual date for postjudgment interest was November 15, 2018, the date defendants' first request for postjudgment interest was granted. The trial court also pointed out that defendants knew they were not entitled to postjudgment interest under MCL 600.6013 since February of 2018,[4] but did not request this equitable relief until several months later in response to a motion filed by plaintiffs. The trial court concluded that while plaintiffs should not be incentivized to not satisfy the court's judgment, defendants should also not be rewarded for their delay in seeking postjudgment interest. We agree with the trial court's rationale.

We also note that, according to the September 30, 2016 judgment, the value of Burning Tree Investors' property was $542,500.24. After this Court's decision in *Jode Investments II*—where the $396,176 loan receivable was determined to be the personal property of Burning Tree Investors—the trial court entered an order on March 9, 2018 showing the value of Burning Tree Investors' property as $938,676.24. Defendants used this final amount of $938,676.24 to then calculate the amount of postjudgment interest they included in the writs of garnishment. But to use September 30, 2016 as the interest accrual date would force plaintiffs to pay interest on an amount that they were not even required to pay on September 30, 2016 and, in fact, were not required to pay until about eighteen months later.

Further, it is well established that a party seeking the aid of equity must come with clean hands. *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 462-463; 646 NW2d 455 (2002) (citation

---

[4] *Jode Investments II* was issued on February 27, 2018.

-4-

omitted). "The clean hands maxim is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *McFerren v B & B Investment Group*, 253 Mich App 517, 522-523; 655 NW2d 779 (2002) (quotation marks and citations omitted). In this case, defendants filed requests for writs of garnishment that stated unsatisfied judgment amounts which included postjudgment interest. However, the trial court had not awarded defendants postjudgment interest through its equitable authority at that point in time. It was not until after (1) plaintiffs challenged the inclusion of postjudgment interest in the writs of garnishment, (2) the trial court in the September 10, 2018 order struck the postjudgment interest from the writs but declared the writs valid, and (3) plaintiffs moved for reconsideration of the September 10, 2018 order, that defendants finally requested the trial court to use its equitable powers to award postjudgment interest. Because defendants had no right to collect postjudgment interest until the trial court exercised its discretion, granted the request for postjudgment interest, and set an interest accrual date, defendants should not have filed requests for writs of garnishment that included an amount for postjudgment interest. Thus, defendants sought garnishment of plaintiffs' bank accounts in amounts to which they were not entitled. Accordingly, under the circumstances of this case, we conclude that the trial court's decision to set November 15, 2018 as the interest accrual date—the date defendants' first request for postjudgment interest was granted—fell within the range of reasonable and principled outcomes. See *Taylor*, 277 Mich App at 93.

In summary, we conclude on remand that the trial court did not abuse its discretion by awarding postjudgment interest to defendants pursuant to its equitable authority and did not abuse its discretion by selecting November 15, 2018 as the interest accrual date. Therefore, the trial court's order of November 15, 2018 is affirmed in these respects.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-5-